IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| RONALD C. DULWORTH | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 2:05-0116 |
| | ) | Judge Nixon |
| JO ANNE BARNHART, | ) | Magistrate Judge Bryant |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORDER

Pending before the Court is Plaintiff Ronald C. Dulworth's ("Plaintiff") Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 15) and accompanying memorandum (Doc. No. 16), to which Defendant ("Defendant" or "Commissioner") filed a Response (Doc. No. 17). Magistrate Judge Knowles ("Magistrate Judge")[2] issued a Report and Recommendation ("Report") (Doc. No. 18) that Plaintiff's Motion be denied, and that the final decision of the Commissioner be affirmed. Plaintiff timely filed Objections ("Objections") to the Magistrate Judge's Report (Doc. No. 19) for this Court's review. Upon review of the matter and for the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report in its entirety

---

[1] Michael J. Astrue was sworn in as Commissioner of Social Security on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as Defendant in the above-captioned case, and no further action is necessary to continue this case.

[2] On February 25, 2008, this case was reassigned to Magistrate Judge Bryant. (Doc. No. 20.)

-1-

and **DENIES** Plaintiff's Motion.

I. BACKGROUND

   A. *Procedural Background*

On April 8, 2003, Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI"), as provided under Titles II and XVI of the Social Security Act ("Act"), asserting that he was disabled as of March 7, 2003 due to high blood pressure and pain and weakness in his back and legs after two (2) back surgeries. (Transcript "Tr." 68-70, 81-85, 100.) Plaintiff's applications were denied initially (Tr. 46-49, 77-80) and upon reconsideration (Tr. 50-53). Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (Tr. 34).

Plaintiff's hearing took place on February 16, 2005, during which ALJ William Davis heard testimony from Plaintiff, his wife and a vocational expert. (Tr. 465-506.) The ALJ issued a decision unfavorable to Plaintiff, ultimately concluding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. (Tr. 11-21.) Specifically, the ALJ made the following findings of fact:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
> 3. The claimant's spinal impairment is considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(c).
> 4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
> 5. The undersigned finds the claimant's allegations regarding his

|   | limitations are not totally credible for the reasons set forth in the body of the decision. |
|---|---|
| 6. | The claimant has the following residual functional capacity: light exertion. |
| 7. | The claimant's past relevant work as a painting foreman did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR §§ 404.1565 and 416.965). |
| 8. | The claimant's medically determinable spinal impairment does not prevent the claimant from performing his past relevant work. |
| 9. | The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(e) and 416.920(e)). |

(Tr. 20-21.) Plaintiff filed a timely request for review of the hearing decision. (Tr. 9.) On September 8, 2005, the Appeals Council issued a notice to Plaintiff, informing him that the request for review was denied, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 5-7.) On November 11, 2005, Plaintiff filed suit in federal court, arguing that the Commissioner's decision should be reversed, or in the alternative, remanded. (Doc. No. 1.) This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). (Id.)

### B. Factual Background

The Court herein adopts the Magistrate Judge's review of Plaintiff's record, as described in Section II of the Report. (See Doc. No. 18.)

### II. STANDARD OF REVIEW

The Court's review of the portions of the Report to which Defendant objects is *de novo*. 28 U.S.C. § 636(b). The Court's review is limited to "a determination of whether substantial evidence exists in the record to support the Commissioner's decision and to a review for any legal errors." Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, an ALJ's decision will be upheld if it is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 245 (6th Cir. 1996) (citing Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). Moreover, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389 (6th Cir. 1999) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

In his Objections, Plaintiff raises for the second time the same arguments that were brought forth in his Motion for Judgment on the Administrative Record. (See Doc. No. 19.) That is, Plaintiff asserts that (1) substantial evidence did not support the ALJ's rejection of the opinions of his treating physicians, and (2) the ALJ erred in rejecting Plaintiff's subjective complaints of pain. (Doc. Nos. 15, 19.)

With respect to the first argument, Plaintiff asserts that the opinions of his treating neurosurgeon, Dr. Cox, and his treating primary care physician, Dr. Standard, deserve great evidentiary weight, and that the inconsistencies identified by the ALJ are either mischaracterizations or minor in comparison to the overall records. (Doc. No. 19.) Additionally,

-4-

Case 2:05-cv-00116 Document 21 Filed 05/08/08 Page 4 of 6 PageID #: 114

Plaintiff argues that even if the treating physicians' opinions are not given controlling weight, the ALJ should have addressed the factors set forth in 20 C.F.R. § 404.1527(d)(2)-(6), but failed to do so. (Id.)

The merits of both of these arguments were analyzed in the Report, in which the Magistrate Judge concluded after thorough review of and citation to Plaintiff's record that: (1) the opinions of Plaintiff's treating physicians were inconsistent with other evidence of the record, and therefore the ALJ was not bound to give either opinion controlling weight, see 20 C.F.R. § 404.1527(d)(2); (2) the ALJ properly discussed the evidence and articulated the bases for his findings; and (3) the ALJ's decisions were supported by substantial evidence. (Doc. No. 18.) Upon full review of the record, this Court agrees with the Magistrate Judge's analysis in the Report and Recommendation, reaching the same conclusions.

## IV. CONCLUSION

The Court **ADOPTS** the Report set forth by the Magistrate Judge. Plaintiff's Motion for Judgment on the Administrative Record is, therefore, **DENIED**. This Order terminates the Court's jurisdiction over this case.

It is so ORDERED.

Entered this the ___8th___ day of May, 2008.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT